## Commonwealth v. Chapman

*Gailey C. Keller, District Attorney,* for the Commonwealth.
*Charles B. Pursel,* for defendant.

MYERS, *P. J.,* October 23, 1973—On November 3, 1972, defendant was operating a tractor-trailer unit in an easterly direction on Interstate Route 80 in Hemlock Township, Columbia County, Pa. The tractor bore 1973 Florida license plates, while the trailer was licensed with 1972 Pennsylvania registration tags. The trailer was registered in Pennsylvania under the name of Chapman Motor Company. The tractor was registered in the State of Florida and owned by East Coast Leasing, a Florida corporation. At the time, the entire unit was under lease to the "Jones" Company of Spring City, Pa.

On the date in question, the vehicle was stopped by Trooper Dorsett, of the Pennsylvania State Police, and defendant-operator charged with viola-

tion of section 401(d) of The Vehicle Code of April 29, 1959, P.L. 58, 75 P.S. §401(d), a summary offense. That section of the code provides:

"(d) Except as hereinafter provided, every non-resident, including any foreign corporation carrying on business within this Commonwealth and owning and regularly operating in such business any motor vehicle, trailer or semi-trailer, within this Commonwealth, unless exempted from registration under the terms of a reciprocity agreement, shall be required to register each such vehicle and pay the same fee therefor as is required with reference to like vehicles owned by residents of this Commonwealth."

Defendant was then taken before a Columbia County district magistrate and, after hearing, was found guilty of the offense charged. Defendant filed a timely appeal therefrom, and hearing de novo was held before this court.

The Commonwealth produced testimony that on the date in question, the tractor-trailer unit had been loaded at Clarion, Pa., with its destination being points in the States of New Jersey and New York. According to the vehicle's log, such was regular trip practice. Thus, there is no dispute that at the time of the arrest, defendant was engaged in interstate commerce.

It should also be noted that the parties stipulated that a reciprocity agreement existed, and continues to exist between Florida and Pennsylvania.

On cross-examination, defendant's attorney attempted to determine from the arresting officer whether defendant was being charged as a nonresident who did not fall under the exemption created by the aforesaid reciprocity agreement under sec-

tion 401(d), or whether he was being charged as a Pennsylvania resident under another subsection of 401. At this point in the trial, the district attorney asked the court for leave to amend the charge so that section 401 might be considered in its entirety, thereby creating the possibility that defendant might be found guilty under section 401(a) or 401(d). Counsel for defendant objected to the Commonwealth's motion, and we sustained the objection and denied the motion.

It is fundamental that a defendant is entitled to be informed of the section under which he is being charged. In this case, defendant was charged under section 401(d) and presumably prepared his defense accordingly. It has been held that where a defendant is charged under the wrong section of the code, the court is without authority to correct the defect at trial. See Commonwealth v. Stefanco, 19 D. & C. 2d 476.

Under the facts of this case, then, defendant clearly falls within the exemption set forth by section 401(d) of the code by virtue of the reciprocity agreement existing between Florida and Pennsylvania. Under these circumstances, the tractor need not be registered in Pennsylvania by virtue of its valid registration in the State of Florida, which is the situs of the corporation owning the tractor.

Therefore, without further comment, we make the following

## ORDER

And now, October 23, 1973, the appeal of defendant is granted, and defendant is adjudged not guilty. Costs shall be paid by the County of Columbia.